## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**EXXON MOBIL CORPORATION**                              **CIVIL ACTION**

**VERSUS**                                               **NO. 13-236**

**CLARENCE HILL, ET AL.**                                **SECTION "L" (3)**

## ORDER AND REASONS

The Court has received Plaintiff Exxon Mobil Corporation's Motion to Enforce (Rec. Doc. 35) and Defendants' Motion to Dismiss on Grounds of Mootness (Rec. Doc. 36). The Court has reviewed the briefs and the applicable law and heard oral argument, and now issues this Order and Reasons.

## I.     BACKGROUND

This case has a lengthy procedural background, arising out of the inadvertent production of an allegedly privileged document in toxic tort litigation. The document at issue is the "Stein Memorandum," which was  written by Exxon's in-house counsel and addressed to an Exxon employee. Exxon inadvertently produced the Stein Memorandum to Defendants in Intervention Timothy Falcon and Jeremiah Sprague in August 2009, during discovery in one of the state court cases. Exxon learned of the production in early December 2009. On December 8, 2009, Exxon sent a letter to Falcon notifying him of the inadvertent production pursuant to Louisiana Code of Civil Procedure article 1424(D) and requesting that the original CDs and all copies be returned. Exxon Mobil also sent revised CDs, which clawed back the Stein Memorandum, and submitted a privilege log identifying the document as subject to attorney-client privilege. On December 15, 2009, Falcon returned the original CDs. He did not mention that he and Sprague had retained

copies of the Stein Memorandum. Falcon also allegedly did not assert at that time that the privilege had been waived.

The instant action is an independent one, which was severed from a case before Judge Vance. *See Hill v. Exxon Mobil Corporation, et al.*, No. 11-2786. On June 28, 2013, this Court issued an Order and Reasons, holding that the Stein Memorandum was not privileged because it primarily contained business, not legal, advice. (Rec. Doc. 23). Following the June 28, 2013 Order and Reasons, the Court entered judgment in favor of Defendants. (Rec. Doc. 31). Exxon appealed. On May 6, 2014, the Fifth Circuit reversed, holding that the Stein Memorandum was indeed privileged. *Exxon Mobil Corp. v. Hill*, 751 F.3d 379, 382-83. (5th Cir. 2014). The Fifth Circuit reasoned that the context behind the Stein Memo, prepared with counsel during contract negotiations, indicated that it was comprised of legal advice. *Id.* at 382. The Fifth Circuit remanded to this Court "for whatever appropriate actions the district court may elect to take in light of [the] determination that the Stein Memo is protected by the attorney-client privilege." *Id.* at 383. Upon remand, the Court held oral argument regarding relief on July 23, 2014.

## II.    PRESENT MOTIONS

Two motions are presently before the Court. Following remand, Exxon filed a Motion to Enforce Judgment of the Fifth Circuit. (Rec. Doc. 35). Defendants, by contrast, filed a Motion to Dismiss on Grounds of Mootness. (Rec. Doc. 36).

Exxon argues that the "mandate rule" requires that it be granted relief. (Rec. Doc. 44). In turn, Exxon requests five forms of relief. (Rec. Doc. 35-1). It argues that the Court should order that (1) Defendants destroy all electronic copies of the Stein Memo and return all hard copies;

(2) Defendants take reasonable steps to retrieve and return any other copies of the Stein Memo that they had disclosed; (3) Defendants refrain from any conduct inconsistent with privilege; (4) all copies in the record be sealed; and (5) costs be taxed against Defendants.

Defendants argues that the Court should deny the Motion to Enforce and that the issue is moot because there is no active "case or controversy," as the underlying case has been dismissed. (Rec. Docs. 36-3, 40). Defendants note that they presented the mootness argument to the Fifth Circuit and that the Fifth Circuit declined to rule on the issue. Defendants also argue that the abstention doctrine, namely the Anti-Injunction Act prevent declaratory relief here under *Royal Insurance Co. v. Quinn-L Capital Corp.*, 3 F.3d 877 (5th Cir. 1993). Defendants argue that Exxon is requesting relief that would entail an injunction and/or declaratory judgment over Louisiana state courts. Defendants cite two state court decisions that have found that the Stein Memo is *not* privileged.

Exxon responds, arguing that it merely seeks relief limited to this case and does not seek to enjoin any state court proceeding. (Rec. Doc. 44). Exxon also argues that both its intervention and the requested relief are independent from the main *Hill* action, which has been dismissed. Finally, Exxon argues that Defendant's mootness position has already been rejected a number of times during the proceedings.

## III.    LAW AND ANALYSIS

The bulk of the relief requested by Exxon is proper. FRCP 26(b)(5)(B)  specifically authorizes the return, destruction, and reasonable steps to retrieve privileged documents that have been disclosed.

A.     **Mandate Rule and Mootness**

Defendants' mootness argument is not persuasive. Judge Vance entered judgment dismissing with prejudice the main *Hill* action (No. 11-2786) on January 3, 2013. Thereafter, in the instant intervention action, the Fifth Circuit on May 6, 2014 directed this Court to take any "appropriate actions" to protect the privileged Stein Memo. The Fifth Circuit opinion did not address Defendants' mootness argument, which Defendants apparently raised at oral argument.

Because the Fifth Circuit opinion declined to discuss Defendants' mootness argument, and the Circuit's directive for "appropriate actions" came long after the main *Hill* action was dismissed, there is no reason to infer that the Fifth Circuit was persuaded by Defendants' mootness argument. Moreover, the Court cannot contradict the Fifth Circuit's order under the mandate rule, which "requires a district court on remand to effect our mandate and do nothing else." *Gen. Universal Sys. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007). Here, the Fifth Circuit specifically directed this Court to protect the privileged Stein Memo as this Court sees fit.

Also notable here is that the intervention suit is independent of the original *Hill* action. In fact, the instant suit was severed from the main action, and there remains an independent controversy even after the dismissal of the *Hill* suit. *See Hunt Tool Co. v. Moore, Inc.*, 212 F.2d 685, 688 (5th Cir. 1954) ("Since the intervention was not ancillary to the main proceeding, it was therefore not affected by dismissal of such main demand.").

B.     **Protecting a Privileged Document under Federal Rule of Civil Procedure 26(b)(5)(B)**

The Court must abide by the Fifth Circuit's ruling that the Stein Memo is privileged. FRCP 26(b)(5)(B) governs the protection of a privileged document that was disclosed during

discovery. Under Rule 26, after a party is notified that it possesses a privileged document:

> [A] party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved. Fed. R. Civ. Pro. 26(b)(5)(B).

Here, much of Exxon's requested relief falls within the scope of FRCP 26(b)(5)(B). In pertinent part, Exxon has requested the destruction of electronic copies, return of hard copies, reasonable steps to retrieve copies disclosed by Defendants, and sealing of the Memo in the record. All of these steps are proper under FRCP 26(b)(5)(B). Although Defendants raise the issue of Anti-Injunction Act abstention, there is no abstention problem with issuing these forms of relief because they do not equate to an injunction. *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1987) (holding that the Anti-Injunction Act prohibits a federal court from issuing a declaratory judgment that has the same effect as a prohibited injunction). Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss on Grounds of Mootnes is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Enforce the Fifth Circuit Judgment is **GRANTED IN PART** in that:

**IT IS ORDERED** that Defendants destroy all electronic copies of the Stein Memo and return to Plaintiff all hard copies in their possession or control;

**IT IS ORDERED** that Defendants take reasonable steps to retrieve any copy of the Stein Memo from anyone to whom Defendant has disclosed it, and return any such copy to Plaintiff;

5

**IT IS ORDERED** that the Clerk of Court place under seal all copies of the Stein Memo filed in No. 11-cv-2786, including Rec. Docs. 215-14, 258-11;

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 54.3.1, Plaintiff should submit to the Clerk of Court a motion for costs, if Plaintiff so desires.

New Orleans, Louisiana, this 24th day of July, 2014.

UNITED STATES DISTRICT JUDGE